UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUY-YING CHEN and YEUH HUA CHEN,

Plaintiffs,

v.

JPMORGAN CHASE BANK, et al.,

Defendants.

Case No. 2:18-CV-1269-RSL

ORDER GRANTING
DEFENDANTS' MOTIONS
TO DISMISS

This matter comes before the Court on four motions to dismiss, filed by defendants JPMorgan Chase Bank, as Trustee FKA the Chase Manhattan Bank Successor in Interest in the Chase Manhattan Bank N.A. ("Chase"), The Bank of New York Mellon Trust Company, National Association FKA The Bank of New York Trust Company, N.A. as Successor to JPMorgan Chase Bank, N.A. as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005-RP3 ("BONY"), Paul Savitsky, as Vice President of JPMorgan Chase Bank, N.A., Cody Weston and Joshua Schaer, see Dkt. #15, by Christopher Luhrs, see Dkt. #17, by Steven K. Linkon, see Dkt. #27, and by Janaya Carter, see Dkt. #32.

## BACKGROUND

Plaintiffs Huy Ying Chen and Yueh Hua Chen[1] obtained a loan from Washington Mutual

---

[1] Plaintiff Yueh Hua Chen is deceased. Dkt. #1 at ¶ 63. It is not clear if her estate is participating in the action. However, for convenience, the Court refers to plaintiffs in the plural throughout this order.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

Bank in 1999 to purchase property located at 5112 189th Avenue NE, Redmond, WA 98052 ("the Property"). Ex. 1, Dkt. #16 at 7;[2] see Dkt. #1 at ¶¶ 11, 14–17; see Exs. A–C, Dkt. #1 at 29–36. Plaintiffs failed to make several of their monthly payments. Dkt. #15 at 3. In 2006, Chase initiated a judicial foreclosure action in the King County Superior Court. Id. On March 19, 2007, plaintiffs filed a Chapter 11 Petition in the United States Bankruptcy Court for the Western District of Washington. Id.; see Ex. 2, Dkt. #1 at 14. On April 13, 2007, they removed the judicial foreclosure action to the Bankruptcy Court as an adversary proceeding. Id.; see Ex. 2, Dkt. #16 at 18. Chase argued before the Bankruptcy Court that the entire unpaid balance was due, and that foreclosure was necessary. Id. The Bankruptcy Court granted summary judgment in favor of Chase on November 29, 2007. It ordered that Chase was owed $647,476.68 and could proceed with the foreclosure sale. Id. at 3–4; see Ex. 3, Dkt. #16 at 39–45. Plaintiffs filed a Notice of Appeal on December 10, 2007 and requested a stay on the foreclosure proceeding pending the appeal. Id. at 4, see Ex. 4, Dkt. #16 at 47–49. On March 20, 2008, this Court denied plaintiffs' request for a stay on the foreclosure proceeding and allowed Chase to proceed with the sale of the Property. Ex. 1, Dkt. #16 at 6–7.

Chase filed the Bankruptcy Court's judgment as a foreign judgment in the King County Superior Court on April 18, 2008, see Ex. 5, Dkt. #16 at 51–52, and obtained a Writ for Order of Sale for the Property on October 2, 2008. Ex. 6, Dkt. #16 at 62–65. The Writ was returned by

---

[2] On a motion to dismiss, the Court considers documents incorporated into the complaint by reference and matters of which a court may take judicial notice. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (citation omitted). The Court may take judicial notice of a fact that is not subject to reasonable dispute because it is generally known within the Court's territorial jurisdiction, or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This may include undisputed matters of public record. Carlson v. Wells Fargo Bank, N.A., No. C15-0109JLR, 2015 WL 2062394, at *4 (W.D. Wash. May 4, 2015) (citing Harris v. Cnty. of Orange, 682 F.3d 1126, 1131–32 (9th Cir. 2012)). In particular, the Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011) (quoting United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)). The Court accordingly grants defendants' requests for judicial notice. See Dkts. #16, #18, #29, #33.

the King County Sheriff on January 2, 2009. Ex. 7, Dkt. #16 at 67–68. A new Order of Sale was issued on October 20, 2016, see Ex. 9, Dkt. #16 at 82–84, and the Sheriff was instructed to carry out the Order of Sale. Ex. 10, Dkt. #16 at 86–92. A Sheriff's Levy on Real Property was recorded with the King County Auditor on October 24, 2016. Ex. 11, Dkt. #16 at 94–98.

Plaintiffs filed a "Motion to Dismiss a Wrongful Judicial Foreclosure and Sheriff Sale in Shortening Time" before the King County Superior Court on December 12, 2016. Ex. 12, Dkt. #16 at 100–124. This was denied on December 15, 2016. Ex. 13, Dkt. #16 at 126. The Property was sold on December 16, 2016. Ex. 14, Dkt. #16 at 128–131. Plaintiffs then filed an "Objection to Confirmation of Sheriff's Sale of Real Property" on January 12, 2017, see Ex. 15, Dkt. #16 at 133–144, which was also denied on February 1, 2017. Ex. 16, Dkt. #16 at 146–47. On December 11, 2017, plaintiffs appealed to the Court of Appeals of the State of Washington, Division One. Ex. 17, Dkt. #16 at 149–165. They argued that Chase did not have "standing" for the foreclosure, that Chase had violated RCW 6.21.030(1)(a) (providing for notice to be served by a judgment creditor on a judgment debtor) and RCW 6.21.030(1)(c) (providing for the filing of an affidavit of compliance that the judgment creditor has complied with the notice requirements), and that the Bankruptcy Court's judgment on April 18, 2008 was void and unenforceable. Id. at 153–54. The Court of Appeals affirmed the Superior Court's decision on October 8, 2018. Ex. 19, Dkt. #16 at 173–78. It rejected plaintiffs' argument that Chase did not have standing for a judicial foreclosure and found that Chase did provide adequate notice to plaintiffs. Id. at 175–77. It held that plaintiffs had failed to show any "substantial irregularities in the proceedings" and that the Bankruptcy Court's judgment was enforceable. Id. at 177. The King County Superior Court also issued an order confirming the sheriff's sale in favor of BONY on February 1, 2018. Ex. 18, Dkt. #16 at 167–69.

Plaintiffs filed this complaint against defendants on August 27, 2018. They brought claims for lack of standing to foreclose, fraud, intentional infliction of emotional distress, quiet title, slander of title, and declaratory relief. Dkt. #1 at ¶ 24. They alleged that this Court has diversity jurisdiction over their action. Id. at ¶¶ 11–12. They stated that they reside in

Washington, that Chase and BONY are non-registered entities, that defendant Savitsky resides in New York, that defendant Weston resides in Oregon, and that defendants Linkon, Carter, Luhrs, Weston and Schaer reside in Washington. Id. at ¶¶ 1, 4–9.

**DISCUSSION**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citing Willy v. Coastal Corp., 503 U.S. 131, 136–137 (1992)). Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law within the meaning of § 1331 … if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006)). A federal court may exercise federal-question jurisdiction if a "federal right or immunity is an element, and an essential one, of the plaintiff's cause of action … [and] if a state-law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th Cir. 2009) (internal citations, quotation marks and alterations omitted).

District courts also have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between citizens of different States. 28 U.S.C. § 1332. There must be "complete diversity of citizenship between the parties opposed in interest." Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004) (internal citation omitted).

The plaintiff bears the burden of establishing that subject matter jurisdiction exists. Kokkonen, 511 U.S. at 377 (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182–183 (1936)).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 4

Plaintiffs fail to raise a federal question in their complaint. Dkt. #1 at ¶¶ 29–93. No federal right or immunity is an element of any of their causes of action,[3] and none of their state-law claims raise a stated federal issue. Provincial Gov't of Marinduque, 582 F.3d at 1086. Nor do plaintiffs have complete diversity with all defendants. Kuntz, 385 F.3d at 1181. They alleged in their complaint and their responses that they and defendants Linkon, Carter, Luhrs and Schaer reside in Washington. See Dkt. #1 at ¶¶ 1–9; Dkt. #34 at 5; Dkt. #36 at 5–6; Dkt. #39 at 5–6; Dkt. #40 at 5–6. As the Court finds that it lacks subject matter jurisdiction over this action, it does not reach the remainder of defendants' contentions.

## CONCLUSION

For all the foregoing reasons, defendants' motions to dismiss, see Dkts. #15, #17, #27, #32, are GRANTED. Plaintiffs' case is DISMISSED.

DATED this 17th day of April, 2019.

Robert S. Lasnik
United States District Judge

---

[3] In three of their four responses, plaintiffs briefly allege that defendants violated 11 U.S.C. § 362(a) by presenting the Bankruptcy Court's order as a foreign judgment before the King County Superior Court despite an automatic stay. See Dkt. #36 at 3; Dkt. #39 at 3; Dkt. #40 at 3. They attach as an exhibit an order from this Court on April 11, 2008 remanding the bankruptcy appeals to the Bankruptcy Court to allow it "to rule on any compromise or settlement motion." See Ex. B1, Dkt. #36 at 15–16; Ex. B1, Dkt. #39 at 15–16; Ex. B1, Dkt. #40 at 15–16. The remand was to remain in effect until July 1, 2008. See id. Chase filed the judgment in the King County Superior Court on April 18, 2008. Plaintiffs did not reference 11 U.S.C. § 362 in their complaint—nor could they have. See Dkt. #1. At that stage, the Bankruptcy Court had already granted summary judgment in favor of Chase on November 29, 2007 and ordered the foreclosure sale to proceed. Ex. 3, Dkt. #16 at 39–45. This Court also denied plaintiffs' request for a stay on the foreclosure proceeding pending their appeal on March 20, 2008. Ex. 1, Dkt. #16 at 6–7. There was no automatic stay under 11 U.S.C. § 362 in effect, and the remand of the case to the Bankruptcy Court on April 11, 2008 did not alter that. This cannot give rise to federal-question jurisdiction.