UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUY-YING CHEN and YEUH HUA CHEN,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, et al.,<br><br>Defendants. | Case No. 2:18-CV-1269-RSL<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on plaintiffs' motion for reconsideration of the Court's order dated April 17, 2019 granting defendants' motions to dismiss. Dkt. #46.

Motions for reconsideration are generally disfavored. LCR 7(h). The Court will "ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id.

Plaintiffs argue that the Court erred in dismissing their complaint for lack of subject matter jurisdiction. Dkt. #44. First, plaintiffs appear to argue that this Court had jurisdiction over this case as one "arising under the bankruptcy code of 28 U.S.C. § 1334(a)." Dkt. #46 at 3, 5. They also state that the "Washington State Superior Court [had] no jurisdiction [over] [the] Bankruptcy Court's monetary judgment." Id. at 3. Defendant JPMorgan Chase ("Chase") initiated a juridical foreclosure action in the King County Superior Court in 2006. Dkt. #15 at 3. In 2007, plaintiffs filed a Chapter 11 Petition, see Ex. 2, Dkt. #1 at 14, and removed the judicial

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION - 1

foreclosure action to the Bankruptcy Court as an adversary proceeding. Ex. 2, Dkt. #16 at 18. The Bankruptcy Court granted summary judgment in favor of Chase on November 29, 2007. Ex. 3, Dkt. #16 at 39–45. Plaintiffs filed a Notice of Appeal on December 10, 2007 and requested a stay on the foreclosure proceeding pending the appeal. Ex. 4, Dkt. #16 at 47–49. This Court denied plaintiffs' request for a stay on May 20, 2008. Ex. 1, Dkt. #16 at 6–7. Chase then filed the Bankruptcy Court's judgment as a foreign judgment in the King County Superior Court on April 18, 2008 and obtained a Writ for Order of Sale of the Property. Ex. 5, Dkt. #16 at 51–52. There is nothing amiss in the exercise of jurisdiction by the King County Superior Court.[1]

Plaintiffs' complaint does not arise under 28 U.S.C. § 1334(a) and does not implicate any bankruptcy issues. See generally Dkt. #1. It was filed against defendants on five causes of action, namely, lack of standing to foreclose, fraud, intentional infliction of emotional distress, quiet title, slander of title, and declaratory relief. Dkt. #1 at ¶ 24. No federal right or immunity is an element of any of plaintiffs' causes of action, and none of their state-law claims raise a stated federal issue. Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th Cir. 2009) (internal citations, quotation marks and alterations omitted).

Second, plaintiffs appear to argue again that defendants violated 11 U.S.C. § 362(a) by presenting the Bankruptcy Court's order to the King County Superior Court as a foreign judgment, because the automatic stay on it was never lifted. Dkt. #46 at 4, 6. Preliminarily, plaintiffs are incorrect in their assertion that the Court granted defendants' motions merely because no reference was made to 11 U.S.C. § 362. Id. at 6. The Court explicitly ruled that the argument would have been unsuccessful even had plaintiffs raised it, because there was no

---

[1] Plaintiffs also appear to argue that Chase and The Bank of New York Mellon Trust Company, National Association FKA The Bank of New York Trust Company, N.A. ("BONY") were "factious" entities. Dkt. $46 at 5. It is not clear what plaintiffs mean. However, insofar as the entities relate to subject matter jurisdiction, plaintiffs stated in their complaint that Chase and BONY were non-registered entities, that defendants Joshua Schaer, Christopher Luhrs, Steven K. Linkon, Janaya Carter and possibly Cody Weston (who plaintiffs listed as being licensed to practice in both Oregon and Washington) resided in Washington, and that plaintiffs resided in Washington. Dkt. #1 at ¶¶ 1–9. There was therefore no diversity jurisdiction. 28 U.S.C. § 1332.

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION - 2

automatic stay. Dkt. #44 at 5 n.3. This Court remanded plaintiffs' appeals to the Bankruptcy Court on April 11, 2008, based on plaintiffs' indication that "they [had] reached a settlement with two interested parties." Ex. B1, Dkt. #36 at 15–16. The remand was to remain in effect until July 1, 2008. Id. However, at this stage, the Bankruptcy Court had already granted summary judgment in favor of Chase. Ex. 3, Dkt. #16 at 39–45. This Court had also specifically denied plaintiffs' request for a stay on the foreclosure proceeding pending their appeals. Ex. 1, Dkt. #16 at 6–7. There was no automatic stay under 11 U.S.C. § 362 in effect.

Third, plaintiffs argue that the Court erred in granting defendants' request for judicial notice. Dkt. #46 at 5. The Court may take judicial notice of a fact that is not subject to reasonable dispute because it is generally known within the Court's territorial jurisdiction, or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Plaintiffs are incorrect in their assertion that the Court "should not, while deciding one case, take judicial notice of the record of another independent and separate judicial proceeding, even if is between the same parties." Dkt. #46 at 6. To the contrary, the Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011) (quoting United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F. 2d 244, 248 (9th Cir. 1992)).

For all the foregoing reasons, plaintiffs' motion for reconsideration is DENIED.

DATED this 24th day of May, 2019.

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION - 3